# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1485V
Filed: October 28, 2024

| | |
|---|---|
| BETTINA MCGILL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Master Horner |

*Renee J. Gentry, Vaccine Injury Clinic,* George Washington Univ. Law School, Washington, DC, for petitioner.
*Benjamin Patrick Warder, U.S. Department of Justice,* Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 8, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that the 13-valent pneumococcal conjugate ("PCV13") and trivalent influenza ("flu") vaccines that she received on November 7, 2014, caused her to suffer a small fiber nerve injury and interstitial lung disease ("ILD"). (ECF No. 1.) Petitioner later amended her petition to specify that she suffered small fiber neuropathy, ILD, and myofascial pain syndrome caused by her vaccinations. (ECF No. 62, p.2.) A dismissal decision was issued on May 11, 2023, finding that petitioner had not preponderantly demonstrated that she actually suffered a vaccine-caused injury and was not entitled to compensation. (ECF No. 154.)

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

On October 9, 2023, petitioner filed a motion for attorneys' fees and costs incurred by The Vaccine Injury Litigation Clinic at The George Washington University Law School and by petitioner's prior counsel at Bolton Law, P.L.L.C. (ECF No. 158.) ("Fees App."). Petitioner requests total attorneys' fees and costs in the amount of $132,205.21, representing $63,910.90 in attorneys' fees and $28,801.50 in attorneys' costs incurred by The Vaccine Injury Litigation Clinic at The George Washington University Law School, and $38,165.00 in attorneys' fees and $1,327.81 in attorneys' costs incurred by Bolton Law, PLLC. Pursuant to General Order No. 9, petitioner has indicated that she has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 1 at 1. On October 23, 2023, respondent filed a response to petitioner's motion. (ECF No. 159.) Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully requests that the Court exercise its discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3. Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

I.  **Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008). This is a two-step process. *Id.* at 1347-48. First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 894-95. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

2

Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009). When determining the relevant fee reduction, special masters need not engage in a line-by-line analysis of petitioners' fee application. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (Fed. Cl. 2011). Instead, they may rely on their experience with the Vaccine Program to determine the reasonable number of hours expended. *Wasson v. Sec'y of Dep't of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991), *rev'd on other grounds and aff'd in relevant part*, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours claimed in attorney fee requests . . . Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications." *Saxton*, 3 F.3d at 1521.

### a. Hourly Rates

#### i. The George Washington University Law School

Petitioner requests the following rates of compensation for The Vaccine Injury Litigation Clinic at The George Washington University Law School for work performed by counsel and law students: for Renee J. Gentry, Esq., $424.00 per hour in 2017, $435.00 per hour for 2018, $445.00 per hour for 2019, $464.00 per hour for 2020, $489.00 per hour for 2021, $504.00 per hour for 2022, and $531.00 per hour for 2023; for Clifford Shoemaker, $430.00 per hour for 2016, $440.00 per hour for 2017, $450.00 per hour for 2018, and $460.00 per hour for 2019. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

#### ii. Bolton Law, P.L.L.C.

Petitioner requests a rate of $250.00 compensation for her prior counsel at Bolton Law, P.L.L.C., Dan Wilson Bolton, III for the work he performed from 2015, through 2017, and for the work of paralegals during that same timeframe at a rate of $100.00 per hour. These rates are consistent with what counsel has previously been awarded for their Vaccine Program work and I find them to be reasonable herein.

### a. Hours Expended

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08–243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.

3

### i. The George Washington University Law School

Upon review, the overall number of hours billed appears to be reasonable. I have reviewed the billing entries and find that they adequately describe the work done on the case and the amount of time spent on that work. I do not find any of the entries to be objectionable, nor has respondent identified any as such. Petitioner is therefore awarded final attorneys' fees of $63,910.90 for the work performed by The George Washington University Law School.

### ii. Bolton Law, P.L.L.C.

Upon review, the billing entries reveal time was billed for administrative tasks, such organizing and scanning documents, preparing mailing envelopes, uploading documents, compiling and organizing evidence, organizing medical records, making copies, uploading documents to CM/ECF, paginating records, separating and scanning records, putting exhibits on CD, troubleshooting technology issues, and transmitting records. There are more than 60 such entries throughout the billing records. *See* Fees App. at 40, 44, 47-48, 50-51, 55-56, 59-62, 64, 70-71, 74, 78, 80.

Billing at any rate for clerical and other administrative work is not permitted in the Vaccine Program. *Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks that "were primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Clerical and administrative work includes tasks such as making travel arrangements, setting up meetings, reviewing invoices, filing documents, and researching basic aspects of the Vaccine Program, "for which neither an attorney nor a paralegal should charge." *Hoskins v. Sec'y of Health & Human Servs.*, No. 15-071V, 2017 WL 3379270, at *3, 6–7 (Fed. Cl. Spec. Mstr. July 12, 2017); *see also Floyd v. Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017) ("[S]ome tasks performed by paralegals were clerical / secretarial in nature. Examples include scheduling status conferences ... preparing compact discs ... and filing documents through the CM/ECF system."); *Kerridge v. Sec'y of Health & Human Servs.*, No. 15-852V, 2017 WL 4020523, at *6 (Fed. Cl. Spec. Mstr. July 28, 2017) (noting that billing for "administrative tasks" ... are not compensated in the Vaccine Program); *Silver v. Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S. Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks.").

Overall, I find that a five percent reduction is appropriate in order to achieve "rough justice." *Fox v. Vice*, 563 U.S. 826, 838 (2011). This results in a reduction of **$1,908.25**. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $36,256.75 for the work performed by Bolton Law, P.L.L.C.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

#### i. The George Washington University Law School

Petitioner requests a total of $28,801.50 in attorneys' costs, including the hearing transcript and expert services provided by Dr. Carlo Tornatore. Fees App. at 28. For Dr. Tornatore, petitioner requests $28,000 at a rate of $400.00 per hour for 70 hours of services performed from 2018 through 2021. *Id.* at 29-30. The costs requested by The George Washington University Law School in this matter appear reasonable, and they shall be awarded in full without reduction.

#### ii. Bolton Law, P.L.L.C.

Petitioner requests a total of $1,327.81 in attorneys' costs comprised of the Court's filing fee, acquisition of medical records, photocopies, scanning, processing server fees, social security office fees, and postage. Petitioner only provided receipts or supporting documentation for the Court's filing fee, the process server fees, and three (3) medical records invoices. Fees App. at 84-92. There are no receipts or corroboration for the remaining requested costs. As set forth in the Second Supplement to the Vaccine Rules, attorneys' costs must include an itemized list of all costs and "supporting documentation for each cost in the form of invoices, receipts, account statements, or any other document petitioner reasonable believes will substantiate the requested costs." Vaccine Rules, Second Supplement to Appendix B, 3(b). Thus, the unsubstantiated costs will not be reimbursed. This results in a reduction of **$344.16**. Petitioner is awarded final costs in the amount of $983.65 sought by Bolton Law, P.L.L.C.

## II. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), I have reviewed the billing records and costs in this case and finds that petitioner's request for fees and costs is reasonable. I find it reasonable to compensate petitioner and her counsel as follows:

1) **a lump sum in the amount of $92,712.40, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, The George Washington University Law School Vaccine Injury Litigation Clinic.**

2) **a lump sum in the amount of $37,240.40, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and petitioner's counsel, Mr. Dan Bolton.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review.  Vaccine Rule 11(a).