# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1485V
Filed: March 18, 2025

| | |
|---|---|
| BETTINA MCGILL,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Master Horner |

*Renee J. Gentry*, Vaccine Injury Clinic, George Washington Univ. Law School, Washington, D.C., for petitioner.
*Dan Wilson Bolton, III*, Bolton Law, PLLC, Cary, NC, former counsel for petitioner.
*Benjamin Patrick Warder*, U.S. Department of Justice, Washington, DC, for respondent.

### ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT[1]

      On December 8, 2015, petitioner filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa, *et seq.* (2012).  (ECF No. 1.)  Judgment entered dismissing the petition on June 23, 2023.  (ECF No. 156.)  Petitioner was subsequently awarded attorneys' fees and costs and that judgment entered on November 4, 2024.  (ECF No. 162.)  In relevant part, petitioner's award of attorneys' fees and costs included an award of $37,240.40 representing reimbursement of fees and costs relating to her former counsel's representation, made in the form of a check payable to petitioner and her former counsel, Mr. Dan Bolton.  (ECF No. 160, p. 5.)

      Petitioner now moves to modify the judgment for attorneys' fees and costs to account for the fact that Mr. Bolton has been unable to process the resulting check.

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

(ECF No. 164.) Petitioner requests that judgment be amended to allow for an electronic transfer of funds to Mr. Bolton, consistent with a program practice adopted subsequent to the time the judgment entered. (*Id.*) Petitioner's motion is unopposed. (*Id.* at 2.) For the reasons discussed below, petitioner's motion is **GRANTED**.

Vaccine Rule 36 allows parties in this program to seek relief from judgment via RCFC 60. *See* Vaccine Rule 36(a). Because this case has never been assigned to a judge for review, any motion pursuant to Vaccine Rule 36 is directed to the special master. *See* Vaccine Rule 36(a)(2). The special master must file a written ruling on the motion that is then subject to a motion for review. *See* Vaccine Rule 36(b). RCFC 60(b) sets forth six circumstances under which the court may relieve a party from a final judgment or order, including, pertinent to the instant motion, "mistake, inadvertence, surprise, or excusable neglect." RCFC 60(b)(1). The Federal Circuit has indicated that RCFC 60(b) is a remedial provision that must therefore be liberally construed. *Patton v. Sec'y of Health & Human Servs.*, 25 F.3d 1021, 1030 (Fed. Cir. 1994). However, because judgments are intended to be final, relief under RCFC 60(b) requires "extraordinary circumstances," *Kenzora v. Sec'y of Health & Human Servs.*, 126 Fed. Cl. 588, 595-96 (2016), and "should be used sparingly," *G.G.M. ex rel. Mora v. Sec'y of Health & Human Servs.*, No. 13-421V, 2015 WL 1275389, at *2 (Fed. Cl. Spec. Mstr. Feb. 27, 2015), *motion for review denied*, 122 Fed Cl. 199 (2015), *aff'd*, 673 F. App'x 991 (Fed Cir. 2016). The balancing of these considerations is generally a discretionary determination. *DiMasi v. Sec'y of Health & Human Servs.*, No. 2022-1854, 2023 WL 4697122, at *7 (Fed. Cir. July 24, 2023).

Mr. Bolton's representation of petitioner in this matter ended about eight years ago when petitioner's current counsel, Ms. Gentry, entered the case in January of 2017. (ECF No. 46.) Petitioner explains in the instant motion that Mr. Bolton has had no contact with petitioner since exiting the case years ago and that he is currently in the process of winding down his practice for retirement. (ECF No. 164, p. 2.) Accordingly, he is unable to locate his original client agreement with petitioner. (*Id.*) Mr. Bolton has been advised by his bank that the institution will accept an ACH deposit into his IOLTA account, which is consistent with the program's current practice for awarding attorneys' fees and costs, but that it will not accept a check for deposit absent a copy of the attorney-client agreement that has evidently not been retained. (*Id.* at 1-2.) Petitioner represents that Mr. Bolton's mistaken assumption that he could process the judgment check under the existing circumstances represents the type of mistake, inadvertence, surprise, or excusable neglect, for which a party may seek relief under Rule 60(b)(1). (*Id.* at 2.) Petitioner represents that Mr. Bolton has conferred with respondent on this matter. (*Id.* at 1-2.) Mr. Bolton has returned the check to respondent for cancellation and respondent does not object to the instant motion. (*Id.* at 2.)

Relief pursuant to RCFC 60(b) has been found appropriate where counsel was unable to deposit a check that resulted from an award of attorneys' fees and costs. *Watson v. Sec'y of Health & Human Servs.*, No. 10-882V, 2016 WL 4491492 (Fed. Cl. Spec. Mstr. July 25, 2016); *P.S. v. Sec'y of Health & Human Servs.*, No. 16-834V, 2023 WL 2770936 (Fed. Cl. Spec. Mstr. Apr. 4, 2023); *but see Ortiz-Mutilitis v. Sec'y of*

*Health & Human Servs.*, No. 03-59V, 2012 WL 3902472 (Fed. Cl. Spec. Mstr. Aug. 14, 2012).  In these prior cases, however, the issue has been that the petitioner was either unwilling or unavailable to endorse the check, which had been made jointly payable, and judgment was amended so that the award was made payable solely to counsel.  *Id*.  That is not the issue here, where it is petitioner's bank rather than the petitioner that is preventing the deposit.  I am unable to locate any prior program decision directly on point.  Whereas these prior decisions involved a question as to whether and when an award of fees and costs to petitioner can appropriately be made payable to counsel rather than petitioner, that issue is not implicated here, because an ACH deposit into counsel's IOLTA account is still an award to petitioner.

In general, these prior decisions do counsel that while "Vaccine Program judgments should not be subject to amendment as a matter of course," *Watson*, 2016 WL 4491492, at *3, payment of duly incurred attorneys' fees and costs is in the interest of justice, especially given that "the Program seeks to encourage competent attorneys to assist Vaccine Program petitioners, whether successful or not," *P.S.*, 2023 WL 2770936, at *5.  Given the remedial nature of Rule 60(b), *Patton*, *supra*, the overarching Program's interest in fostering competent representation, *P.S.*, *supra*, petitioner's timely action post-judgment, and respondent's lack of objection, I exercise my discretion to conclude that the overall circumstances described warrant relief under RCCF 60(b)(1) in the interest of justice.  While I agree with the *Watson* special master that judgments should not be subject to routine amendment, the instant situation is unusual, like to result in hardship to counsel if left unaddressed, and is unlikely to repeat itself given the unusually extended period of time between the end of former counsel's representation and the ultimate award of attorneys' fees and costs and given the Program's changeover from paper checks to ACH deposits.

Accordingly, petitioner's motion for relief from judgment is hereby **GRANTED**.  The Clerk of Court is hereby directed to issue an amended judgment awarding the lump sum of $37,240.40 to be paid through an ACH deposit to petitioner's former counsel, Mr. Dan Bolton's IOLTA account for prompt disbursement in lieu of being paid in the form of a check payable to petitioner and petitioner's counsel, Mr. Dan Bolton.

**IT IS SO ORDERED.**

<u>s/Daniel T. Horner</u>
Daniel T. Horner
Special Master
